UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH WILLIAMS**                                **CIVIL ACTION**

**versus**                                          **NO. 13-4786**

**WARDEN TERRY TERRELL**                            **SECTION: "H" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Kenneth Williams, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On March 23, 2010, he pleaded guilty to forcible rape

under Louisiana law and was sentenced to a term of seventeen years imprisonment.[1]  He did not appeal his conviction or sentence.

On or after March 8, 2012, petitioner filed an application for post-conviction relief with the state district court.[2]  That application was denied on July 23, 2012.[3]  On September 25, 2012, the Louisiana Fourth Circuit Court of Appeal denied his related writ application, holding: "We find no error in the trial court's denial of the relator's application for post-conviction relief.  The relator's guilty plea was unqualified, and the sentence he received was part of his plea agreement with the state.  He is, accordingly, not entitled to an out of time appeal of his conviction and sentence."[4]  Without assigning additional reasons, the Louisiana Supreme Court then likewise denied relief on March 15, 2013.[5]

---

[1] State Rec., Vol. I of II, minute entry dated March 23, 2010; State Rec., Vol. I of II, guilty plea form.

[2] State Rec., Vol. I of II. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty with respect to this state post-conviction application; however, petitioner signed the application on March 8, 2012, and so it could not have been placed in the mail system any earlier than that date.

[3] State Rec., Vol. I of II, Judgment dated July 23, 2012.

[4] State v. Williams, No. 2012-K-1260 (La. App. 4th Cir. Sept. 25, 2012); State Rec., Vol. I of II.

[5] State *ex rel.* Williams v. State, 109 So.3d 379 (La. 2013) (No. 2012-KH-2350); State Rec., Vol. I of II.

On or after June 6, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief.[6] In support of his application, he claims that the bill of information was defective and his counsel was ineffective. The state argues that the federal application is untimely.[7] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[8] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A)

---

[6] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on June 6, 2013; therefore, the application could not have been placed in the prison mailing system any earlier than that date.

[7] Rec. Doc. 16.

[8] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, on March 23, 2010, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final no later than April 22, 2010.[9] Accordingly, the period that he had in which to file his federal application for *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later on April 22, 2011, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[9] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914.

The Court notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, the Court need not decide whether petitioner had a right to appeal his conviction or sentence pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon his plea (March 23, 2010) or upon the expiration of his period for filing a motion to appeal (April 22, 2010).

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Although he did file applications during that period requesting documents, it is clear that applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Because those applications did not trigger statutory tolling, and because petitioner had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[10]

       The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only

---

[10] The Court notes that petitioner subsequently filed a state post-conviction application on of after March 8, 2012. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, out of an abundance of caution, the undersigned notes that petitioner argues in his federal application that he is innocent. The United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013).

That said, the Supreme Court has taken care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, *no juror*, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Moreover, it must be remembered that when evaluating such evidence, a federal court's function is not to make its own "independent factual determination" as to what likely occurred in a given case; rather, the court is only to "make a

probabilistic determination about what reasonable, properly instructed jurors would do" in light of the evidence. House v. Bell, 547 U.S. 518, 538 (2006) (internal quotation marks omitted).

Clearly, therefore, a petitioner claiming "actual innocence" faces a formidable challenge because the standard of proof, while not insurmountable, is unquestionably daunting. For example, he cannot make the required showing simply by demonstrating that, in light of his new evidence, his guilt is questionable or that "reasonable doubt is conceivable." Costagno v. Grady, Civ. Action No. 12-3333, 2013 WL 3811201, at *9 (E.D. Pa. July 23, 2013); Bastien v. Dragovitch, 128 F. Supp. 2d 204, 211 (M.D. Pa. 2000). Rather, to warrant application of the "actual innocence" exception, he must bring forth reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," showing that he did not *in fact* commit the crime of which he stands convicted. See Schlup, 513 U.S. at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id.

This clearly is not one of those rare cases where actual innocence has been shown. In the instant case, the bill of information charged that petitioner "committed forcible rape of F.R. D.O.B. 07-06/1994 deemed without the lawful consent of F.R. the said F.R. being prevented from resisting the act by force and/or threat of physical violence, under circumstances where F.R. reasonably believed that such resistance would not prevent the rape ...."[11] Under Louisiana law,

> rape is defined as "the act of anal ... or vaginal sexual intercourse ... without the person's lawful consent." La. R.S. 14:41(A). Emission is not necessary and any sexual penetration, however slight, is

---

[11] State Rec., Vol. I of II, bill of information.

> sufficient to complete the crime of rape. La. R.S. 14:41(B). The crime of forcible rape occurs when the sexual intercourse is deemed to be without the victim's lawful consent because it is committed "[w]hen the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La. R.S. 14:42.1(A)(1). Thus, the elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape.

State v. Bryant, 110 So.3d 1191, 1195-96 (La. App. 5th Cir. 2013).

By entering his unconditional plea, petitioner has already conceded that he in fact committed and was guilty of the crime of forcible rape.[12] See United States v. Broce, 488 U.S. 563, 570 (1989) ("A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."). Moreover, the three documents he attaches to his federal application do not in any way prove otherwise. The first document, a crime laboratory report, simply states that one vaginal swab and one rectal swab collected during the investigation "were negative for the presence of seminal fluid and spermatozoa."[13] However, that is of no real moment, because, as noted above, emission is not an element of the crime. The remaining two documents

---

[12] See, e.g., State Rec., Vol. I of II, guilty plea form ("I am entering a plea of guilty to this crime because I am, in fact guilty.").

[13] Rec. Doc. 1, p. 24.

are from a physical examination of the victim performed at Children's Hospital.[14] Although petitioner does not explain how those documents support his contention of actual innocence, the Court notes that the documents indicate that the victim's hymen appeared normal. If that is reason petitioner attached the reports, they likewise do not negate rape. As also noted above, *any* penetration, *however slight*, is sufficient for forcible rape, and the presence of an intact hymen is not inconsistent with slight penetration. See, e.g., State v. Ware, 80 So.3d 593, 597 (La. App. 3rd Cir. 2011). Accordingly, petitioner has fallen far short of what is required under McQuiggin to show actual innocence and excuse an untimely filing.

In light of the foregoing, it is clear that petitioner's limitations period for seeking federal *habeas corpus* relief expired on April 22, 2011. Because his federal application was not filed until on or after June 6, 2013, it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Kenneth Williams be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[14] Rec. Doc. 1, pp. 26-27.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this fifth day of November, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.